UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GLENDON CHARLES,

Plaintiff,

REPORT AND
- against -                           RECOMMENDATION

WESTERN EXPRESS INC. and MICHAEL          19-CV-5790 (PKC)
KEVIN BUNJER,

Defendants.
-------------------------------------------------------------x

ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:

Defendants Western Express Inc. and Michael Kevin Bunjer ("defendants") removed

this personal injury action to this Court on October 14, 2019, on the ground that the parties are

citizens of different states and the amount in controversy exceeds $75,000.   See Notice of

Removal (Oct. 14, 2019), Electronic Case Filing Docket Entry ("DE") #1.   Under 28 U.S.C.

§ 1447(c), a federal court may *sua sponte* remand an action at any time for a lack of subject

matter jurisdiction.   See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127,

133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993);

28 U.S.C. § 1447(c).   The party seeking removal to federal court bears the burden of

establishing that the requirements for diversity jurisdiction have been met.   See Mehlenbacher

v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).   The amount in controversy is

evaluated "on the basis of the pleadings, viewed at the time when defendant files the notice of

removal."   Wurtz v. Rawlings Co., LLC, 761 F.3d 232, 239 (2d Cir. 2014).

Pursuant to 28 U.S.C. § 1446(b), the notice of removal must be filed within thirty days

after the defendant has received a copy of the complaint or after receipt by the defendant of a

document "from which it may first be ascertained" that the action is removable.   See 28

U.S.C. § 1446(b).   In the instant action, the complaint served on defendants does not contain

an *ad damnum* and defendants do not cite to any allegation in the complaint to demonstrate that

plaintiff seeks damages in excess of $75,000.   See Notice of Removal ¶ 10.

        To be sure, plaintiff alleges in the complaint that he "sustain[ed] serious and permanent

injuries" and "was rendered sick, sore, lame and disabled and has remained so since the said

occurrence."   See Complaint ("Compl.") ¶¶ 41, 44 (attached as Ex. A to Notice of

Removal).   Nevertheless, these boilerplate allegations do not establish that the amount in

controversy suffices to support diversity jurisdiction.   See Perez v. Smith, 19-CV-2085

(RJD), 2019 WL 2372497, at *1 (E.D.N.Y. June 3, 2019); Walker v. Rodgers, No. 15 CV

07376 (PKC)(MDG), 2016 WL 236223, at *2 & n.2 (E.D.N.Y. Jan. 19, 2016); Valente v.

Garrison from Harrison LLC, No. 15-cv-6522 (DLI)(MDG), 2016 WL 126375, at *2

(E.D.N.Y. Jan. 11, 2016).   Nor is the monetary threshold for diversity jurisdiction satisfied

by the allegation that plaintiff has been damaged in an amount that "exceeds the jurisdictional

limits of all lower courts," Compl. ¶ 49:   the jurisdictional limitation of the lower civil courts

of New York is $25,000.   See Valente, 2016 WL 126375, at *1.

        Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's

complaint, and the defendant's notice of removal fails to allege facts adequate to establish that

the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity

jurisdiction as a basis for removing the plaintiff's action from state court."   Lupo v. Human

Affairs Int'l, Inc., 28 F.3d 269, 273-74 (2d Cir. 1994).   Therefore, this Court respectfully

recommends that the action be remanded to the Supreme Court of New York, Kings County.

Any objections to this Report and Recommendation must be filed with the Honorable

Pamela K. Chen on or before **October 29, 2019**.   Failure to file objections in a timely manner

may waive a right to appeal the District Court order.   See 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a)(1), 72(b)(2); Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

**Dated: Brooklyn, New York**
       **October 15, 2019**

/s/       *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**